**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DALE A. DAVIS,

       Petitioner,

v.                                                         Case No. 3:14-cv-920-J-32JRK

WARDEN, et al.,

       Respondents.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner, a prisoner of the Florida penal system, initiated this action by filing a pro se untitled pleading, which he describes as a mandamus action (Doc. #1) (hereinafter Petition). The Petition is not a model of clarity and appears to raise numerous unrelated issues, including allegations regarding Petitioner's state court conviction and the following claims concerning the conditions of his confinement: (1) unnamed inmates have falsely informed prison officials that Petitioner molested "a white woman," Petition at 2; (2) "gangbanger[s] have lie[d]," id. at 3, causing Petitioner to lose property; (3) Petitioner is being denied adequate medical care; (4) Petitioner has been subjected to "wanton used [sic] of force," id.; (5) Petitioner has been charged with infractions in nine prison disciplinary reports; (6) other inmates have sexually harassed Petitioner; (7) Petitioner is in fear of his life "after being jump [sic] on twice," id. at 7, by unnamed security employees; and (8) Petitioner is being denied his medically prescribed diet. Petitioner requests the Court to find that his rights have been violated and also seeks to be transferred to a medical institution.

Petitioner is not entitled to mandamus relief.

> Mandamus, which is an extreme form of equitable relief, "is a writ designed to require an official to perform an act required by law." See Corn v. City of Lauderdale Lakes, 904 F.2d 585, 587 (11th Cir. 1990). Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (2000); see also Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1385 (11th Cir. 1998) (en banc) (recognizing the writ of mandamus may issue to correct a clear abuse of discretion or the failure to carry out a ministerial task). Pursuant to their powers under 28 U.S.C. § 1651, federal courts continue to grant equitable relief, which sometimes are referred to as "writs of mandamus." See generally Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co., 260 F.2d 637, 640 (2d Cir. 1958) (noting courts continue to issue orders that "for brevity, we may still speak of as a mandamus.")

Preferred Sites, LLC v. Troup County, 296 F.3d 1210, 1220-21 (11th Cir. 2002).

"[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations[.]" In re Bellsouth Corp., 334 F.3d 941, 953 (11th Cir. 2003) (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1981)); see also Mallard v. United States Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989). To be entitled to mandamus, Petitioner must demonstrate the following: (1) a clear right to the relief he requests; (2) a clear, non-discretionary duty in the Respondent to perform the action sought; and, (3) the absence of an adequate alternative remedy. Mallard, 490 U.S. at 309; Stephens v. Dept. of Health & Human Servs., 901 F.2d 1571, 1576 (11th Cir.), cert. denied, 498 U.S. 998 (1990); District Lodge No. 166. v. TWA Servs. Inc., 731 F.2d 711, 717 (11th Cir. 1984), cert. denied, 469 U.S. 1209 (1985) (quoting Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969)).

Here, Petitioner has not met his burden. He has not shown that he is entitled to this drastic remedy. In fact, Petitioner has an adequate alternative remedy in that he may file civil rights cases in this Court to address any allegedly unconstitutional conditions of his confinement.[1]

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  The Petition (Doc. #1) is **DENIED**.

2.  This case is hereby dismissed without prejudice.

3.  The **Clerk** shall enter judgment dismissing this action without prejudice and close this case.

4.  The **Clerk** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Petitioner. If Petitioner elects to initiate a civil rights action in this Court, he may complete and submit these forms. Petitioner should not place this case number on the forms. The Clerk will assign a separate case number. If Petitioner elects to initiate such an action, he shall **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" (if he desires to proceed as a pauper) **or** pay the $400.00 filing fee (if he does not desire to proceed as a pauper).

---

[1] Only related claims may be raised in a single action. Unrelated claims must be filed in separate civil rights cases.

5. Because Petitioner asserts that he is in fear of his life, the **Clerk** shall send, via facsimile or email, a copy of the Petition and this Order to the Inspector General for the Florida Department of Corrections for whatever action may be deemed appropriate.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of August, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 8/4
c:
Dale A. Davis